[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action wherein the plaintiff seeks a dissolution of marriage and ancillary legal or equitable relief. Both parties are represented by counsel, and both parties presented evidence in support of their respective positions. In arriving at the following findings and orders, the Court is cognizant of the provisions of Connecticut General Statutes Section 46b-81 and applies said provisions CT Page 6167-b in its determinations.
The parties intermarried on April 11, 1987 in Hebron, Connecticut and have resided continuously in this state for at least one year next preceding the filing of the complaint in this action.
There were no children issue of the marriage, thus there are no minor children issue of the marriage. No governmental agency is contributing to the support of either party.
The parties have stipulated to the irretrievable breakdown of the marriage and have submitted evidence to corroborate their stipulation. Accordingly, the Court finds the marriage is irretrievably broken down, with no reasonable prospect of reconciliation.
The defendant (wife) does have three (3) children from two (2) prior marriages to wit; twins age thirteen (13) and a child age eight (8). She receives child support in the amount of $180.00 per week for their support. CT Page 6167-c
Prior to the marriage between the parties the plaintiff held a one-half interest in a raw lot (the remaining one-half interest was owned by his former wife) located at 91 Bush Rock Road, Colchester, Connecticut. Its value in April 1987 was $55,000.00 and it was encumbered by mortgages totaling $19,000.00. The property is also known as 225 Crouch Road, Hebron, Connecticut-apparently it is located at the intersection of the two named roads.
In 1987, prior to the marriage, the wife owned real estate in Newington, Connecticut which she sold, realizing approximately $56,000.00 in net proceeds. All of this money went toward the accrual of the assets acquired by the parties, which included the payoff of the $19,000.00 mortgages on the building lot (the husband's former wife conveyed her interest to the parties upon the payoff), the purchase of a travel trailer to house the family while a home was constructed on the lot, payment of an auto loan and personal loans of the husband, and the purchase of a 1983 "Bronco", now in the husband's possession. The value of the CT Page 6167-d husband's equity in the house lot was approximately $36,000.00.
The principal asset of the parties is their jointly owned home at Crouch Road a.k.a. Bush Rock Road. It has a fair market value of $137,000.00 and is subject to mortgages of $92,000.00[.] Unpaid real estate taxes against the property are in the approximate amount of $3,500.00. If the house were to be sold, the sellers would incur the ordinary costs of sale (real estate commission, attorney's fees, etc.).
The husband, who is a carpenter by trade, claims he contributed some $18,000.00 in sweat equity in the construction of the home, and while he did some work on the house, to some extent it was probably at the cost of reduced earnings he would otherwise have been able to make.
On the other hand, the wife made her contribution in kind also. She did some work on the house, worked outside the home, and performed the normal household duties necessary to maintain a household. In short, her contribution to the CT Page 6167-e acquisition of marital assets was approximately equivalent to the husbands in that regard, and her financial contribution was greater.
The breakdown of the marriage is probably ascribable to the wife's disappointment and disillusionment in what she perceived as a lack of ambition in the husband. Her earnings were increasing while he appeared to be more concerned with fishing and hunting than working to his earning ability. The priorities of the parties appear to be in conflict, but the Court cannot conclude that fault is so substantially one-sided as to be a significant factor. Suffice to say that the parties expectations differ from the realities of their personalities.
With the foregoing background, the Court concludes that the husband is entitled to a portion of the assets and assesses that sum to be $10,000.00 as his fair and reasonable portion.
Accordingly, it is ordered, that: CT Page 6167-f
1. The husband shall quit-claim his interest in the jointly owned real estate known as Crouch Road, in the town of Hebron a.k.a. Bush Rock Road in the town of Colchester. The wife shall simultaneously execute a promissory note to the husband in the amount of $10,000.00 secured by a mortgage on said property. Said note shall contain the following terms and conditions:
 A. Simple interest shall accrue on the unpaid principal balance at the rate of four (4) per cent per annum.
 B. The note shall be payable in annual payments of $1,500.00, commencing one year from the date of this decision.
 C. Customary language regarding attorney's fees and costs of collection in the event of default.
D. There shall be no prepayment penalty. CT Page 6167-g
 E. Notwithstanding the aforesaid payment schedule, the total balance of principal and interest shall become due and payable upon the first of the following events: (1) Six (6) months following the wife's remarriage or death; or (2) immediately due and payable upon a sale or conveyance of the property by the wife, or (3) if the property is no longer used as the principal residence of the wife.
 The husband shall subordinate his mortgage on said property if the wife refinances her present mortgage debts in an amount not to exceed $96,000.00.
 The wife shall be responsible for any unpaid real estate taxes on the property.
2. The 1989 Sunline travel trailer shall be the property of the wife and the husband shall effectuate any paperwork necessary to transfer his interest to her. The wife CT Page 6167-h shall be liable for any outstanding payments or debt on said trailer, and hold the husband harmless therefrom.
3. The husband shall own the 1982 Toyota truck and the 1983 Ford Bronco. The wife shall own the 1985 Pontiac Sunbird. Each party shall effectuate any paperwork necessary to transfer their interests in said vehicles in accordance with this order.
4. The husband shall pay the First Bank Card Visa (approximately $682.00), and the Mastercard (approximately $817.00), and hold the wife harmless therefrom. Each party shall otherwise be responsible for other liabilities listed on their respective financial affidavits.
5. Alimony is not awarded to either party.
6. Each party shall be responsible for his or her own counsel fees.
7. The wife shall return to the husband, or make available CT Page 6167-i to him, within 30 days, his two (2) gold wedding bands, any personal papers belonging to him, and a portable spa.
8. The marriage is ordered dissolved on the grounds of irretrievable breakdown.
9. The wife's maiden name (Linda Munson) is ordered restored to her.
BY THE COURT, Lawrence C. Klaczak, J. Judge, Superior Court